Court Counsel. My name is Terry Wade. I'm appearing on behalf of Zachary Love, whose words upon arriving in San Diego were, so I'm not going to get any help then, but a desperate plea for help. And that calls into question the entirety of all the various anomalies that occurred throughout these proceedings. Mr. Love, upon arriving at the Metropolitan Correctional Complex in San Diego for an even after talking to his trial counsel, thought he was headed to Springfield, Missouri for treatment and not mere evaluation. When he got to San Diego, he found himself subjected to 13 different psychological evaluations, two psychiatric evaluations, and days and days of testing for some 60 days. But it's the report or the competency, words very seldom used in that 30 plus page report, a 30 some page report, that I would respectfully urge the court to focus upon. This is a 2255 hearing. The burden of proof is on the moving party to show both, to satisfy both prongs of Strickland versus Washington. I have a few Mr. Love is making is that his trial counsel was ineffective for letting a plea offer expire while he was out at the BOP for an evaluation. Is that correct? That is correct, Your Honor, and that's... So, so what, what, is there more than one plea offer? There seems to be in a plea offer that's describing Mr. Love and his and his filings for 120 months. I think that was the plea and that was the offer. I'm not sure that there was more than one. There is a lot of confusion in the record, and I think that's why this cries out for an evidentiary hearing. As Judge Gerard pointed out in the framework, the statutory framework for this is a movement is entitled to an evidentiary hearing unless the motion and the files and the records of the case conclusively show that he's entitled to no relief, and that's not the case here. Mr. Love's position is that he was offered that 120-month plea agreement. He tries to, tries to accept it, it looks like, from the record, but as Mr. Krieger, his trial counsel, points out, it had to be somewhat frustrating to represent Mr. Love. Mr. Krieger articulately points out that depending upon the medications he was on or not on, and this is at sentencing, when he explained to Judge Gerard what happened in the plea agreement, that depending upon the medications he was on or not on, depending upon his anxiety level, his ability to process, comprehend, even take my advice, listen to reason for me and family members, was fleeting. I mean, we would go from apparently an agreement on certain things to total disagreement on the same subject matter within a day. Well, and at that hearing, there's discussion of what sounds like a different plea agreement, because they're talking about not being able to reach an agreement about quantity, which results in a sentence or a range of significantly above 120. So, so is it your, is it Mr. Love's position that there were two separate ones, a 120-month offer and then the one that was discussed at the sentencing hearing? That's, that's an area of confusion and I don't want to represent you that I have a clear answer. It's, Mr. Love, I think it's just one more indication that he's confused. He gets confused at this, at the Rule 11 colloquy with Judge Swart, where he can't understand, has to have a question about, he doesn't understand the difference between trial, guilt or innocence, as opposed to determinations at sentencing issues with regard to quantity and acceptance or responsibility. He gets easily confused. There's a lot of confusion throughout and there's all sorts of different references to him being on the medication or not on the medication. He's diagnosed with a myriad of disorders, post-traumatic stress disorder, ADHD and the psych, psychologist, the forensic psychologist. Isn't it evident from the record though that the, his counsel at the time either thought he was potentially incompetent to plead or perhaps even had a defense in the underlying case. So how can it be ineffective, assuming he believes that, to go ahead and have him examined? And, and then he can't control whether the government withdraws the plea agreement, can he? So where's the ineffective, the potential ineffectiveness? I've struggled with that. Mr. Love would not want me to abandon any position, but I understand your point, Judge, with regard to, he, he has all these red flags about, he, the trial counsel, has all these red flags. He asked for a competency hearing. In the meantime, the plea, for whatever reason, is apparently withdrawn, the plea offer. But then what happens is the, I think the report, the 28-page report that grudgingly says, well, she doesn't quite use the word competence, but she says he understands the nature of the offense, he understands and can cooperate with his attorneys, provided, provided he's on the medication. And I think that's what the district judge missed. It's what the government cites in their brief. She didn't really make it provisional. She said that, I'm trying to find the language here exactly, but the language was . . . Page 28, Your Honor. Yeah. The, the language was, was more along the lines that if he's not on his medication, he should re-evaluate it. Now, that doesn't mean that, that necessarily, if you're off the, off the medications, that you become incompetent. Plus, on top of that, you're sitting at the sentencing hearing, and the lawyer said, I was concerned, he's now on his meds, we've had a lot of conversations, I'm confident. Now, this is a lawyer who's practiced law for a long time. Forty-two years, Your Honor. And we all, I mean, you know, you're sitting in, in a courtroom with, with experienced defense lawyers, they usually are in a pretty good position to tell you if somebody is really not with it. And when somebody expresses confidence, that the person's competent, isn't that, and that's consistent with what the doctor said, isn't that enough, and why not? I mean, how are you, how are you ineffective? I think it's, I think the problem is, that, those red flags give his trial counsel, an experienced, competent attorney, a heightened warning that he needs to be re-evaluated. And re-evaluation is exactly what the forensic psychologist, Dr. Gilbert, advocates. He says, if he's off his meds, and he is off his meds, and there's all kinds of references in the record, that he goes from when he was back on his meds at the time of the sentencing, at the time of the sentencing, but not at the time of the plea. I think the constitutional goal is to have somebody knowingly, intelligently, voluntarily, and intelligently, especially, plea, make, enter a plea of guilty, and that's not what happened in this case. How frequently are people ordered to be re-evaluated in the District of Nebraska? I don't think it's that big of a concern, before a man is sentenced to roughly a one-third of his present lifespan, to at least give him the opportunity to make sure, that we've, before we put him away for that long, that he understands and knows what he's doing. It's almost like having a translator and interpreter, given this gentleman's myriad of problems, and his litany of disorders. I say I'm into my rebuttal, I'd like to preserve that. Thank you. Good morning, may it please the court, counsel. I'm Sarah Fullerton, I'm an Assistant U.S. Attorney in the Lincoln Office of the U.S. Attorney's Office for the District of Nebraska. I represent the government in this case. I was counsel during both the 2255 proceedings and the plea proceedings in the district court. And I think it's important here to remember that we need to separate out the two issues. Mr. Love has raised two different issues. He claims, in essence, he's claiming he should have been allowed to plead to this plea agreement that he says he was offered, although he, if you read his his pleadings, he says he was offered this 120 month plea agreement. However, he also complains about the fact that his attorney never showed him this agreement. So this is, we don't know where this 120 month agreement comes from, but that's what Mr. Love is now telling current counsel, that that's what was offered to him. That's plausible if he's off in California for an evaluation in the Bureau of Prisons and he's only communicating over the telephone. I understood him to be saying, I understood there was 120 months. Yeah, I'd take that. The attorney says, well, you're getting a competency evaluation, we really can't sign anything right now. And so he said, don't worry about it, just hold on. And I appreciate the idea that the prosecution is not required to have any particular plea agreement or hold one open for any particular period of time, but in your experience, would the office have considered holding on to such an offer until he came back and was deemed competent? It seems like that's his claim. It's like, my lawyer didn't even try to hold on to this first plea agreement. I got back and now I have to start all over. Well, a couple of things that are important to remember here. First of all, any plea agreement that was offered to him, and we don't have in the record what the actual plea agreement was that was offered to him because he's never presented that to the district court. But any plea offer that was made was made prior to the original time we had set for a plea hearing. It was at that point that Mr. Krieger, having heard concerns raised by Mr. Love's family members, people who knew him well, that it was at that point that Mr. Krieger decided before having the plea hearing, we should probably get an evaluation of Mr. Love to see if he was actually competent to enter into a plea. And that's what Judge Gerrard was basing his ruling on, was the fact that Mr. Krieger was between a rock and a hard place, essentially, in terms of representing his client. Assuming that what Mr. Love said was true, and that's what Judge Gerrard used to make his decision, was assuming for the purpose of making this determination that what Mr. Love said was true about what he had been offered. While Mr. Love had a right to counsel about entering a plea and to be able to enter a plea, his counsel also had to make sure that he was competent to enter that plea. And I understand that, and I understand that duality there, and I think Judge Gerrard recognized that as well. That's not where I, and that's not what I understand the claim to be, and I understood in the plea, in the briefs, that Mr. Love is not saying my lawyer was ineffective for sending me off for a competency evaluation. That's exactly what he's saying. Well, the way I understood it was that, and I thought that counsel disavowed, and perhaps he can answer that upon rebuttal, but that it's, I went off to a competency evaluation, there was a plea agreement I was very interested in, and my lawyer didn't do anything to hold on to that until I got back to talk to the U.S. attorneys off and say, hey, can we hold on to this particular plea agreement until I get back? It may or may not have been meritorious, but that's what I understand the claim to be. Well, I think he's making a number of claims, and I think he is probably making the claim that you're stating. Now, as Judge Grunder had pointed out before, there's no requirement that the government keep that plea offer open. Nothing had been signed. Nobody was obligated to keep that plea offer open, and if you look at the ... Do we even know that there was a plea offer? I mean, looking at this record, I mean, doesn't that cry out for an evidentiary hearing? You know, let's find out what offers were on the table and when, and who did what and why? I mean ... I don't think so, because as Judge Girard made this determination, assuming there was a plea offer as described by Mr. Love, and if you note in Judge Girard's opinion, he said in a footnote that he was not convinced that that was really the case, that there was substantial evidence to say that it wasn't the case. But assuming, as he had to at this point to determine whether we should go to a hearing in this, he's looking at whether or not the allegations that Mr. Love made on their face were sufficient to get to a hearing. And his determination was that Mr. Krieger was reasonable in determining that before he allowed his client to enter into whatever plea agreement, he should at least make sure he was competent. And so that's what he did, and there was nothing that Mr. Love has presented to show this court that that was an unreasonable thing for an attorney to do. And he certainly hasn't met the presumption, overcome the presumption under Strickland that the counsel's, excuse me, counsel's advice and determination there was sufficient. Now with respect to the second issue, which is whether he should had a great deal of experience, was wrong in determining that he was competent at that time to enter into a plea. The evaluation from the BOP does not say that Mr. Love would only be competent if he was on his medication. What the doctor actually said was that if there was a change in medication somewhere down the road, that might be reason to have him re-evaluated. But there's nothing in that evaluation that says his competency is contingent on being on particular medications. That was simply, as I understood it, if somebody tried to change which medications, for example, he was on, change the drugs, then it might warrant a new evaluation down the road to see if he remained competent on the new medication. But she did not link competency to being on the particular meds that she had recommended. And as Judge Girard noted in his opinion, that was a medical recommendation as opposed to a competency determination. In terms of, for example, she was aware that the defendant had not been receiving a particular drug in one jail because it was against their jail policies. So he thought she would put that into the report in order to assure he would continue to have the option of getting his medications. Did the district court make a competency record during the plea proceeding? Not specifically, but she did make, no, she didn't make a specific competency determination. The magistrate did not. But she did go through all the questions with him, including the questions about whether or not he understood the difference between a trial and the sentencing phase. Mr. Krieger actually raised that during the plea hearing, that Mr. Love had some questions about whether or not he would have a jury decide the amounts and that sort of thing. And she went through a colloquy with the defendant asking him if he understood that all was happening at the plea time was a finding of guilt and that those sentencing issues would be found later in the sentencing process. And he said he understood. He gave the appropriate answers to all those questions. So there was no abuse of discretion in denying the defendant a hearing in this case. The evidence before the court showed that counsel acted appropriately at the time of the first plea hearing by not allowing his client to enter a guilty plea at a time when he was concerned that he might not be competent to do so. And there was no ineffectiveness at the time of the actual plea hearing when counsel allowed him to go ahead with the plea where counsel believed that he was competent, he was on his meds, whatever meds he had been off of, he was back on in sufficient time. And so I would ask you to affirm the district court. I'm not authorized to disavow any of the various claims, and I'm not. And there are a myriad of claims, and there are all sorts of evidentiary questions that are up in the air and unanswered. I also think it's significant that at no time does the government in its brief ever say, that's not the deal. There was no plea. They don't offer any evidence. There are plenty of unanswered questions. And do you think do you read the petition to include what I described to the prosecutor? Absolutely, Your Honor. I think there could be expert testimony to say there may have been opportunities to at least explore with U. S. Attorney's Okay, we'll take that deal. But I first I want to make sure my client is confident or competent. Keep it open for 60 days or renegotiate it or do something. Exactly. And there's no record of that ever been ever attempted. And and nothing happened at the district court, right? I mean, the well, did the did the government even respond? Were they even did they even were ordered to respond to the petition in the district court? Um, I don't think there's any formal response. There's an order from Judge Gerard dismissing it without the evidentiary hearing. Although the Judge Gerard dutifully cites the statute that says to move its entitled to an evidentiary hearing, all these questions could be resolved in an evidentiary hearing. And I would respectfully submit that there is qualifications to the way the psychologist who does not prescribe medications, the way she answers the continue that medication. He does have problems. She suggests continuing the medication specifically at the top of page 28. Please ensure that he remains on these medications. His medications should not be changed. His Medicaid, if his medications are changed significantly, his mental health stability, which I argue she uses the same way she uses competency, should be reevaluated. For all of those reasons, we would respect the request, at least an evidentiary hearing. Thank you very well. Thank you for your arguments today. Case is submitted and will be decided in due course.